IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ODETTA A. TODD, | : |
| Plaintiff, | : |
| v. | : |
| LUZERNE COUNTY CHILDREN AND YOUTH SERVICES and EUGENE N. CAPRIO, | : JUDGE THOMAS I. VANASKIE |
| Defendants. | : NO. 3:04-CV-02637 |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS
TO WHICH NO GENUINE ISSUE REMAINS TO BE TRIED**

Defendants Luzerne County Children and Youth Services ("C & Y") and Eugene N. Caprio ("Caprio") (collectively, "Defendants"), by their undersigned counsel, hereby submit this Statement Of Material Facts As To Which No Genuine Issue Remains To be Tried pursuant to Local Rule 56.1.

1. Plaintiff Odetta A. Todd ("Plaintiff") filed the above-captioned action on December 6, 2004. (See complaint).

2. Plaintiff's claims are based on alleged violations of 42 U.S.C. §1983. (See Id.).

3. Plaintiff's sister, Tamu Todd ("Tamu Todd"), had a long-standing substance abuse problem. (See deposition transcript of Caprio attached as Exhibit 1 to Defendants' Appendix of Exhibits ("Appendix"), at p.17, l. 6-9).

4. In 1998, two of Tamu Todd's children, Tesha Todd and Dione Todd, were transferred to Plaintiff's custody after C & Y took legal action against Tamu Todd. (Complaint at ¶¶ 5-6).

5. Custody of Vincent Todd, another of Tamu Todd's children, was transferred to Plaintiff in 1999 after C & Y again took legal action against Tamu Todd. (Id. at ¶ 7).

6. Finally, in 2001, Plaintiff took custody of Tamu Todd's child, Amanda Lee Barberio, when Tamu Todd went to prison. (Id. at ¶ 8).

7. In December of 1998, Plaintiff contacted C & Y seeking foster care maintenance payments for Tamu Todd's children. (Id. at ¶ 9).

8. Criminal background check release forms are required to be signed by potential kinship foster care parents in order to determine eligibility for the kinship foster care program.  (See deposition transcript of Marijo Sullivan attached as Appendix Exhibit 2, at p.48, l. 23-25-p. 49, l.1-6; Appendix Exhibit 3).

9. A home study must also be completed for eligibility in the kinship foster care program. (See deposition transcript of Cheryl Klimek attached as Appendix Exhibit 4, at p.12, l. 4-12).

10. Finally, mandatory foster care training sessions must be completed for eligibility in the kinship foster care program.  (Appendix Exhibit 1 at p.37, l. 21-25-p. 38, l.1-9).

11.  The kinship foster care parent must be found eligible as a kinship foster care parent which includes the criminal background check before receiving maintenance payments.  (Appendix Exhibit 1 at p.27, l. 19-25-p. 28, l.1-18).

12. Plaintiff was asked several times to sign the release forms by Cheryl Klimek, a caseworker at C & Y. (Appendix Exhibit 4 at p.17, l. 20-21, p.18, l.12-19).

13. Plaintiff never signed the release forms to allow C & Y to determine eligibility for the kinship foster care program. (See Appendix Exhibit 1 at p.30, l. 20-22.  See also deposition transcript of Plaintiff attached as Appendix Exhibit 5, at p. 52, 1.6-12, 53, 1.1-7, p. 69, l. 9-25, pg. 70, 1.1-25, pg. 71, l. 1-25, p. 72, p. 1-13; Appendix Exhibits 6-8).

14. Plaintiff also did not complete the home study or the mandatory foster care training program. (Appendix Exhibit 4 at p.12, l. 4-12, Appendix Exhibit 1 at p.38, l. 13-17).

Respectfully submitted,

s/John G. Dean
John G. Dean
Paula L. Radick
**ELLIOTT GREENLEAF
  SIEDZIKOWSKI & DEAN, P.C.**
201 Penn Avenue, Suite 202
Scranton, PA   18503
(570) 346-7569

Attorneys for Defendants
Luzerne County Children and
Youth and Eugene N. Caprio

DATED:   October 31, 2006

## **CERTIFICATION OF SERVICE**

I, JOHN G. DEAN, hereby certify that I have caused to be served this day a true and correct copy of Defendants' Statement Of Material Facts As To Which No Genuine Issue Remains To Be Tried *via* first class mail addressed as follows:

>Richard J. Orloski, Esquire
>The Orloski Law Firm
>111 North Cedar Crest Boulevard
>Allentown, PA 18104-4602

>s/John G. Dean
>John G. Dean

DATED:  October 31, 2006