# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ODETTA A. TODD, | |
| Plaintiff, | NO. 3:04-cv-2637 |
| v. | (JUDGE CAPUTO) |
| LUZERNE COUNTY CHILDREN and YOUTH SERVICES and EUGENE N. CAPRIO | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendant Luzerne County Children and Youth Services's post-trial motions, including a renewed Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50, and a Motion for a New Trial pursuant to Federal Rule of Civil Procedure Rule 59, or, in the alternative, a Motion for Remittitur. (Doc. 174.) For the reasons stated below, the Court will deny Defendant's Motions.

## BACKGROUND

As the parties have already been through a trial on this matter, it is unnecessary to recount a lengthy factual and procedural history at this point. It is sufficient to state that the instant suit concerned procedural due process claims brought against the two named Defendants by Plaintiff. These claims arose out of Plaintiff's application for Kinship Foster Care payments, which is assistance provided to individuals who care for the children of relatives in lieu of the children being placed in foster care. Plaintiff claimed that even though she went through all the necessary procedures and filled out the required paperwork, she was denied the payments and not advised by the Defendants of her right to appeal. Defendants argued that Plaintiff had not properly filled out all the requisite

paperwork to be considered for Kinship Foster Care payments. As a result, Plaintiff's application had been categorized as abandoned, rather than denied, and therefore Plaintiff's procedural due process rights had never been triggered. After a three day trial which commenced on July 19, 2010, the jury found Defendant Luzerne County Children and Youth Services liable, but not Defendant Caprio, and awarded Plaintiff two-hundred and nineteen thousand dollars ($219,000). Defendant Luzerne County Children and Youth Services then filed its post-trial motions on August 17, 2010. (Doc. 174.)

## **LEGAL STANDARDS**

### I. Rule 50(b)

Under Rule 50(b), a party may renew its request for a motion for judgment as a matter of law by filing a motion no more than twenty-eight (28) days after judgment is entered. Fed. R. Civ. P. 50(b). In the present case, Defendants' Rule 50(b) motion was timely filed. (Doc. 174.) Judgment notwithstanding the verdict should be granted sparingly. *Walter v. Holiday Inns, Inc.,* 985 F.2d 1232, 1238 (3d Cir. 1993). In deciding whether to grant a Rule 50(b) motion:

> the trial court must view the evidence in the light most favorable to the non-moving party, and determine whether the record contains "the minimum quantum of evidence from which a jury might reasonably afford relief." The court may not weigh evidence, determine the credibility of witnesses or substitute its version of the facts for that of the jury. The court may, however, enter judgment notwithstanding the verdict if upon review of the record, it can be said as a matter of law that the verdict is not supported by legally sufficient evidence.

*Parkway Garage, Inc. v. City of Philadelphia,* 5 F.3d 685, 691-92 (3d Cir. 1993), *abrogation on other grounds recognized by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003) (citations omitted). A Rule 50 motion will be granted "only

2

if, viewing the evidence in the light most favorable to the nonmovant and giving [the nonmovant] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir.1993). The question is not whether there is literally no evidence supporting the non-moving party, but whether there is evidence upon which the jury could properly find for the non-moving party. *See Walter,* 985 F.2d at 1238 (citing *Patzig v. O'Neil,* 577 F.2d 841, 846 (3d Cir. 1978)).

**II.     Rule 59(a)**

Under Rule 59(a), motions for a new trial must be filed within twenty-eight (28) days of the date the judgment was entered. Fed. R. Civ. P. 59. Defendants' motion for a new trial was timely filed. (Doc. 174.) The decision to grant a new trial is left to the sound discretion of the trial judge. *See Blackiston v. Johnson,* No. 91-5111, 1995 U.S. Dist. LEXIS 13823, at *3 (E.D. Pa. Sept. 19, 1995), *aff'd* 91 F.3d 122 (3d Cir. 1996), *cert. denied* 519 U.S. 953 (1996). Courts have granted motions for a new trial where: (1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury. *Maylie v. Nat'l R. R. Passenger Corp.,* 791 F. Supp. 477, 480 (E.D. Pa.), *aff'd* 983 F.2d 1051 (3d Cir. 1992). Where the evidence is in conflict, and subject to two (2) or more interpretations, the trial judge should be reluctant to grant a new trial. *Klein v. Hollings,* 992 F.2d 1285, 1295 (3d Cir. 1993).

3

## **DISCUSSION**

I.  **Renewed Motion for Judgment as a Matter of Law**

Defendant's Renewed Motion for Judgment as a Matter of Law will be denied. Defendant offers two grounds in support of its Rule 59(b) motion: (1) that the trial record does not contain sufficient evidence that Plaintiff sustained her procedural due process claim; and (2) that since the jury found Mr. Caprio not liable, Defendant cannot be held liable for violating Plaintiff's procedural due process rights under § 1983.

Concerning Defendant's first argument, to establish a prima facie case of a procedural due process violation, a plaintiff must establish (1) the existence of a liberty or property interest (2) that the state deprived the person of and (3) that the deprivation was accomplished without procedural protections of notice and an opportunity to be heard. *See Rusnak v. Williams*, 44 Fed.Appx. 555, 558 (3d Cir.2002) ( "Procedural due process claims, to be valid, must allege state-sponsored deprivation of a protected interest in life, liberty or property. If such an interest has been or will be deprived, procedural due process requires that the governmental unit provide the individual with notice and a reasonable opportunity to be heard.") (citation omitted). Furthermore: "[i]f there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F. 3d 107, 116 (3d Cir. 2000). As a result, a plaintiff cannot claim denial of due process unless he or she took advantage of the available processes or was kept from doing so. *Solomon v. Phila. Hous. Auth.*, No. 02-6630, 2004 WL 1427140, at *3 (E.D. Pa. June 18, 2004).

Here, the administrative process at issue provides for the issuance of a written notice of any decision "to approve, disapprove or provisionally approve the foster family." 55 Pa.

4

Code § 3700.72(a). Defendant argues that this process was never triggered due to Plaintiff's failure to complete her application for the Kinship Foster Care payments. Although Plaintiff testified at trial that she did complete the application, Defendant argues that the inconsistencies in her direct examination testimony make Plaintiff's account of the events implausible. Without any other evidence that the application was in fact completed, Defendant claims that it is entitled to judgment as a matter of law. However, it is not the role of the Court in a Rule 50(b) motion to weigh the evidence or assess the credibility of witnesses. While Plaintiff's testimony was somewhat inconsistent on her direct examination, much of that could be accounted for simply as Plaintiff's confusion over what exactly was being asked in a given question. Furthermore, Plaintiff repeatedly stated that she had in fact turned in the required release forms, and the Court does not find her testimony to be inherently implausible. The jury chose to believe the Plaintiff rather than the Defendant's witnesses with respect to this issue, and the Court will not overturn the jury's verdict on this ground.

Second, with respect to the issue of agency liability, the liability of local and municipal government agencies under § 1983 is governed by *Monell v. New York City Dept. of Social Services*. In that case, the United States Supreme Court held that a municipality may be a "state actor" for purposes of liability under § 1983. However, the Supreme Court also held that: "[a] municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior.* Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." *Monell v. New York City Dept. of Social Services*, 98 S. Ct. 2018 (1978). In fleshing out what constitutes 'implementing official policy or practice, the Third

5

Circuit has held:

> An individual's conduct implements official policy or practice under several types of circumstances, including when (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.

*Hill v. Borough of Kutztown*, 455 F.3d 225. 245 (3d Cir. 2006) (internal citations omitted).

Here, Defendant argues that since the jury did not find Mr. Caprio liable for violating Plaintiff's procedural due process rights under § 1983, Defendant cannot be liable either. The Court does not agree. Plaintiff dealt with several of Defendant's employees, and claimed to have been stymied by them at a number of turns in her quest to appeal her denial of the Kinship Foster Care payments. There is no inconsistency in the jury finding that while Mr. Caprio didn't violate Plaintiff's due process rights, the Defendant did, since they could, consistent with the instructions to the jury, have still found that the actions of the employees were part of a customary practice or procedure on the part of the Defendant to frustrate attempts by individuals to receive Kinship Foster Care payments.

In conclusion, neither ground provides a basis for granting Defendant's Rule 59(b) motion.

**II.     Motion for a New Trial or Remittitur**

The Court will not order a new trial under Fed. R. Civ. P. 59 nor will the Court order a remittitur of the damages award. The Court does not find that the verdict was against the great weight of evidence such that a new trial must be ordered under Rule 59. Furthermore, the Court does not find that the verdict was the result of a miscarriage of

6

justice or that it shocked the conscience. There was conflicting testimony as to whether or not Plaintiff filled out the requisite paperwork, and the jury chose to believe the Plaintiff. Finally, the Court does not agree that Plaintiff's pain and suffering and emotional distress damages award was excessive.

"The use of remittitur is committed to the sound discretion of the district court judge." *Hall v. Pennsylvania Department of Corrections*, No. 3:CV-02-1255, 2006 U.S. Dist. Lexis 68670, *66, 2006 WL 2772551 (M.D.Pa.2006) (Vanaskie, J.) (citing *Evans v. Port Auth. Of N.Y. & N.J.*, 273 F.3d 346, 354 (3d Cir. 2001)). "The means employed should enable the Court to attain its objective of setting damages at the 'maximum recovery that does not shock the judicial conscience.' " *Id.* at *66-*67 (quoting *Evans*, 273 F.3d at 355). However, remittitur cannot be imposed unilaterally. Rather:

> the court may condition a denial of the motion for new trial upon the filing by the plaintiff of a remittitur in a stated amount. In this way the plaintiff is given the option of either submitting to a new trial or of accepting the amount of damages that the court considers justified.

*Price v. Del. Dep't of Corr.*, 40 F. Supp. 2d 544, 551 (D. Del. 1999). Remittitur is appropriate when "a properly instructed jury hearing properly admitted evidence makes an excessive award." *Shu-Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45, 49 (2d Cir.1984).

Here, the Court does not find that the damages awarded to the Plaintiff were excessive. Although Plaintiff did not provide a breakdown of the damages sought, even taking two-hundred and nineteen thousand dollars ($219,000) to be solely for Plaintiff's emotional pain and suffering does not shock the conscience of the Court. This was a series of events which a jury could conclude, based on Plaintiff's testimony, caused the Plaintiff a great deal of stress and strain as she struggled to keep her family together and out of

poverty through a period of uncertainty.  A damages award in this amount is not excessive given the foregoing testimony and the stated adverse impact on Plaintiff's physical and psychological well-being.

**CONCLUSION**

For the foregoing reasons, the Court will deny Defendant's Motion for Judgement as a Matter of Law pursuant to Federal Rule of Civil Procedure 50.  (Doc. 174.)  It will also deny Defendant's Motion for a New Trial pursuant to Federal Rule of Civil Procedure Rule 59 (Id.), as well as Defendant's Motion for Remittitur.  (Id.)

An appropriate Order follows.


3/8/11                                                   /s/ A. Richard Caputo
Date                                                      A. Richard Caputo
                                                               United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ODETTA A. TODD,

    Plaintiff,

        v.

LUZERNE COUNTY CHILDREN and
YOUTH SERVICES and EUGENE N.
CAPRIO

    Defendants.

NO. 3:04-cv-2637

(JUDGE CAPUTO)

## ORDER

**NOW**, this ___8th___ day of March, 2011, **IT IS HEREBY ORDERED** that Defendant's post-trial motions (Doc. 174) are **DENIED** as follows:

(1) Defendants' renewed Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure Rule 50 is **DENIED**.

(2) Defendants' Motion for a New Trial pursuant to Federal Rule of Civil Procedure Rule 59 is **DENIED**.

(3) Defendants' Motion for Remittitur is **DENIED.**

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge