IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ODETTA TODD, | |
|     Plaintiff, | NO. 3:04-CV-02637 |
|     v. | (JUDGE CAPUTO) |
| LUZERNE COUNTY CHILDREN AND YOUTH SERVICES and EUGENE N. CAPRIO, | |
|     Defendant. | |

## MEMORANDUM

Presently before the Court are Plaintiff's Motion to Amend Judgment to Include Interest for Eleven Years (Doc. 212) and Defendants' Motion to Strike Plaintiff's Motion to Amend (Doc. 214.)[1]  Plaintiff seeks to have the judgment amended on the basis that the award does not fairly compensate Plaintiff for the harm caused by Defendant Luzerne County Children and Youth Services' unconstitutional practices. (Doc. 213.) Because Plaintiff's motion was not timely filed, however, the motion will be denied.

## BACKGROUND

Following a three (3) day trial in July of 2010, the jury found for Plaintiff on her Fourteenth Amendment claim against Defendant Luzerne County Children and Youth Services.  The jury awarded Plaintiff $219,000.00 in compensatory damages against Defendant. (Doc. 165.)  The jury further found Defendant Caprio not liable to Plaintiff.

---

[1] Also before the Court is Plaintiff's Motion to Require Defendants to File a Bond Under Rule 7 of the Federal Rules of Appellate Procedure or, in the Alternative, to Amend Judgment. (Doc. 203.) Plaintiff's motion requests Defendants to post an appeal bond pending the Third Circuit's resolution of the attorneys fees and costs awarded to Plaintiff.  However, because the appeal has been dismissed based upon an agreement of the parties, (Doc. 218), the motion will be denied as moot.

(Doc. 165.) Judgment on the verdict was entered by the Court on July 21, 2010. (Doc. 166.) Subsequently, Defendant tendered amounts to Plaintiff, Plaintiff's counsel, and the Commonwealth of Pennsylvania Department of Public Welfare.

On January 17, 2012, Plaintiff filed her motion to amend the judgment to include interest for eleven years. (Doc. 212). Plaintiff's Motion was prepared without assistance of counsel. (Doc. 212.) Defendants replied with a Motion to Strike (Doc. 214), Brief in Support of the Motion to Strike (Doc. 215), and Brief in Opposition to Plaintiff's Motion (Doc. 216.)

## **LEGAL STANDARD**

An award of pre-judgment interest "serves to compensate plaintiff for the loss of the use of money" that the plaintiff would otherwise have received absent the defendant's wrongdoing. *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995). A motion for pre-judgment interest "constitutes a rule 59(e) motion to alter or amend the judgment." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S. Ct. 987, 103 L. Ed. 2d 146. A motion to alter or amend a judgment is proper if the moving party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). However, Rule 59(e) requires a motion seeking prejudgment interest to be filed within twenty-eight (28) days after entry of judgment. *See* Fed. R. Civ. P. 59. Moreover, district courts lack authority to grant prejudgment interest where the established time limits are

not followed. *See Schake v. Colt Indus. Operating Corp. Severance Plan for Salaried Employees*, 960 F.2d 1187, 1192 (3d Cir. 1992).

A motion to strike by way of Fed. R. Civ. P. 12(f) "should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law. *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989) (Citing *United States v. 187.40 Acres of Land*, 381 F.Supp. 54, 56 (M.D. Pa.1974)). Additionally, while courts enjoy a "wide measure of discretion," such a motion "should not be granted if the Court is in any doubt that the averments objected to cannot avail as defenses, or if, under any contingency, one of the averments may raise an issue." *Pittston-Luzerne Corp. v. United States*, 86 F. Supp. 460, 461 (M.D. Pa. 1949).

## **DISCUSSION**

Plaintiff requests pre-judgment interest in order to make her "whole" from "the loss of the use of money she would have had if the damage award had been made in a more timely manner." (Doc. 213.) While Plaintiff discusses prejudgment interest, the Court's ability and discretion to award such interest, interest calculations, and equitable considerations, Plaintiff fails to address the untimeliness of her motion. (Doc. 213.) Additionally, Plaintiff has not filed any documents in response to Defendant's Motion to Strike (Doc. 214) or Opposition Brief (Doc. 216), which argue that Plaintiff's motion is untimely.

Because Plaintiff's Motion was not filed within twenty-eight (28) days after the entry of judgment as required by Fed. R. Civ. P. 59, her motion to amend judgment to include prejudgment interest will be denied. Here, Judgment was entered on July 21,

2010.  Plaintiff was therefore required to file her motion within twenty-eight (28) days of the entry of judgment, or by August 18, 2010. (Doc. 216.)  However, Plaintiff waited five hundred and forty-five (545) days before filing for prejudgment interest. (Doc. 165; 212.)  As such, the Court cannot grant Plaintiff's untimely motion.

## **CONCLUSION**

For the above stated reasons, Plaintiff's motion to alter or amend the judgment to include prejudgment interest (Doc. 212) will be denied.

An appropriate order follows.


April 10, 2012                                                            /s/ A. Richard Caputo
Date                                                                           A. Richard Caputo
                                                                                   United States District Judge